******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JOHN R. CHRISTOPHERSEN *v.* ERLING C.
CHRISTOPHERSEN ET AL.
(AC 35416)

Gruendel, Sheldon and Schaller, Js.

*Argued March 10—officially released May 13, 2014*

(Appeal from Superior Court, judicial district of
Stamford-Norwalk, Complex Litigation Docket, Blawie,
J. [motions to stay]; Brazzel-Massaro, J. [motions to lift
stay, restore].)

*Erling C. Christophersen,* self-represented, the appellant (named defendant).

*Kevin A. Coles,* with whom, on the brief, was *Catherine L. Creager,* for the appellee (plaintiff).

*Patrick M. Fahey,* for the appellee (defendant Salisbury Bank and Trust Company).

*Opinion*

PER CURIAM. This appeal arose from and initially concerned separate denials, in two companion cases concerning the parties' disputed interests in certain parcels of real property in Westport, of two interrelated motions filed by the defendant, Erling C. Christophersen, who had been sued in each action both as an individual and as trustee of the Erling C. Christophersen Revocable Trust (trust). In the first action (quiet title action), which was commenced in June, 2008, the defendant's brother, the plaintiff, John R. Christophersen, sued the defendant, as aforesaid, and several others,[1] also in their capacities as individuals and as trustees of particular named trusts, to quiet title to the two parcels. In his complaint, John Christophersen alleged, inter alia, that the defendant had divested him of his title to, rights in, and use of the two parcels by transferring the parcels to himself, in his trusteeship capacity, and recording a mortgage on the parcels, both to insulate himself in his individual capacity and to derive money from the mortgage to which he would not otherwise have been entitled. In the second action (foreclosure action), which was commenced in July, 2010, Salisbury Bank & Trust Company (bank), as holder of the note and mortgage on the two parcels at issue in the quiet title action, filed an action to foreclose the mortgage against the defendant, both individually and in his capacity as trustee, and others, including John Christophersen.[2] In its complaint, the bank alleged that the defendant, as trustee, had defaulted on his obligation to pay the sum due to it, in principal and interest, under the note and mortgage. Both John Christophersen and the bank have alleged, in their respective actions against the defendant, that the only capacity in which the defendant has ever had or claimed any interest in the two parcels was as a trustee, not as an individual. The defendant, who has expressly admitted this allegation on multiple occasions,[3] does not dispute it in or for the purposes of this appeal.[4]

On March 10, 2011, John Christophersen filed an answer, special defenses and a counterclaim against the bank in the foreclosure action. Thereafter, however, on June 26, 2012, John Christophersen withdrew the quiet title action as well as his counterclaim in the foreclosure action. On that same date, the bank withdrew the foreclosure action as to John Christophersen. On July 27, 2012, the defendant filed an objection to John Christophersen's withdrawal of the quiet title action and a motion to restore that action to the docket. As support for his motion and objection, which he filed in both his individual and his trusteeship capacities, the defendant argued that John Christophersen was prevented from withdrawing the quiet title action without first seeking and obtaining leave of the court under General Statutes § 52-80[5] because a hearing had already

been commenced before the court on an issue of fact. In the alternative, the defendant argued that the court should exercise its discretion to restore the action to the docket in the interests of equity.[6] John Christophersen and the bank filed objections to the defendant's motion to restore the quiet title action to the docket.

On October 15, 2012, while the motion to restore the quiet title action to the docket was still pending, the defendant filed a motion in the foreclosure action to stay all further proceedings in that action until the motion to restore the quiet title action to the docket was decided or, if the motion to restore was granted, until the quiet title action was finally adjudicated. The bank filed an objection to the defendant's motion to stay.

On December 17, 2012, a joint hearing was held before the trial court, *Brazzel-Massaro*, *J.*, on the defendant's motion to restore the quiet title action to the docket and his motion to stay the foreclosure action until the motion to restore was decided. Thereafter, by a written memorandum of decision issued on February 1, 2013, the court denied the motion to restore the quiet title action to the docket, based upon findings that withdrawal of the action was not barred by § 52-80 and that no good reason had been advanced to warrant exercising its discretion to restore the action to the docket.[7] On that same day, the court issued a short-form judicial notice denying the motion to stay the foreclosure action without explanation.[8]

On February 14, 2013, the defendant, individually and in his trusteeship capacity, filed this appeal from the denials of his motion to restore the quiet title action to the docket and his motion to stay proceedings in the foreclosure action. By order dated May 8, 2013, this court dismissed for lack of a final judgment that portion of the appeal which challenged the denial of the defendant's motion to stay the foreclosure action. By order dated September 25, 2013, this court dismissed that portion of this appeal in which the defendant, purportedly acting in his trusteeship capacity, sought to challenge the denial of his motion to restore the quiet title action to the docket. The basis for the latter order was that the defendant, who is not an attorney, cannot lawfully represent the legal interests of the trust. In light of these rulings, all that remains before us at this time is the defendant's claim, in his individual capacity only, that the trial court erred in denying his motion to restore the quiet title action to the docket.

The bank argues that the final portion of the defendant's appeal must also be dismissed because all of the defendant's claimed rights to and interests in the property here at issue that could conceivably be adjudicated in this quiet title action are admittedly claimed by him in his trusteeship capacity only, based upon the trust's alleged legal title to the property, not in his

capacity as an individual. Therefore, the bank argues, because the defendant cannot pursue a claim on behalf of the trust in his individual capacity, he lacks standing to bring this appeal and thus the appeal must be dismissed for lack of subject matter jurisdiction. We agree.

"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . . This court has often stated that the question of subject matter jurisdiction, because it addresses the basic competency of the court, can be raised by any of the parties, or by the court sua sponte, at any time. . . . [T]he court has a duty to dismiss, even on its own initiative, any appeal that it lacks jurisdiction to hear. . . . Moreover, [t]he parties cannot confer subject matter jurisdiction on the court, either by waiver or by consent." (Citations omitted; internal quotation marks omitted.) *Webster Bank* v. *Zak*, 259 Conn. 766, 774, 792 A.2d 66 (2002).

Our Supreme Court has held that "[s]tanding is established by showing that the party claiming it is authorized by statute to bring suit or is classically aggrieved. . . . The fundamental test for determining aggrievement encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in [the subject matter of the challenged action], as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the [challenged action]. . . . Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." (Citation omitted; internal quotation marks omitted.) *AvalonBay Communities, Inc.* v. *Orange*, 256 Conn. 557, 568, 775 A.2d 284 (2001).

The defendant in the present case lacks standing to appeal from the court's denial of his motion to restore the quiet title action to the docket because the putative rights he asserts admittedly belong only to the trust, which he represents as trustee, not to him personally. The defendant as trustee is no longer a party to this appeal, and this court has held that although a trust beneficiary may be adversely affected by the acts of a third person, no cause of action inures to the beneficiary on that account. *Naier* v. *Beckenstein*, 131 Conn. App. 638, 646–47, 27 A.3d 104, cert. denied, 303 Conn. 910, 32 A.3d 963 (2011). The defendant, in his individual capacity, has not claimed any "real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy"; (internal quo-

tation marks omitted) *Webster Bank* v. *Zak*, supra, 259 Conn. 774; and thus we conclude that he lacks standing. Accordingly, because the defendant, in his individual capacity, lacks standing to pursue the rights of the trust on appeal, the appeal must be dismissed for lack of subject matter jurisdiction.

The appeal is dismissed.

[1] The quiet title action also named as defendants the defendant's sister, Bonnie Christophersen, both individually and as successor trustee of a trust under the Mildred B. Blount will, Elena B. Dreiske, individually and as successor trustee of a trust under the Mildred B. Blount will, Salisbury Bank and Trust Company, individually and as a trustee of the trust, and People's United Bank.

On March 24, 2009, the court granted the motions filed by each of the defendants except People's United Bank to stay the proceedings in the quiet title action while a related New York proceeding was pending. On June 22, 2011, the court certified certain questions to the Surrogate's Court in New York. Thereafter, on February 29, 2012, the court granted the motion filed by the Salisbury Bank and Trust Company to lift that stay. That order is not at issue in this appeal.

[2] The foreclosure action is denominated as *Salisbury Bank & Trust Co.* v. *Christophersen*, Superior Court, judicial district of Stamford-Norwalk, Complex Litigation Docket, Docket No. X08-CV-10-6005847-S. As discussed herein, the defendant also purported to appeal from the court's denial of his motion to stay the foreclosure proceedings. This court dismissed that appeal. The foreclosure action also named as defendants the Law Offices of Gary Oberst, PC, Rhoda Rudnick, and Hinckley, Allen & Snyder, LLP. They are not parties to this appeal.

[3] The defendant confirmed in his own pleadings that his interest in the disputed property is solely in his capacity as trustee. The defendant, in his motion to restore the quiet title action to the docket, stated that, "Erling Christophersen . . . [as] Trustee . . . holds title to the two lots." Moreover, in his motion to temporarily stay the proceedings in the foreclosure action, he explained that, "the subject land, owned by the defendant Erling Christophersen, as trustee of the Erling Christophersen Trust, the land [the bank] . . . seeks to foreclose, is the same subject land central to a quiet title action."

[4] The defendant notes in his brief before this court that "[t]he Erling Christophersen Trust [is] the owner of the two lots in Westport, Connecticut."

[5] General Statutes § 52-80 provides in relevant part: "The plaintiff may withdraw any action so returned to and entered in the docket of any court, before the commencement of a hearing on the merits thereof. After the commencement of a hearing on an issue of fact in any such action, the plaintiff may withdraw such action, or any other party thereto may withdraw any cross complaint or counterclaim filed therein by him, only by leave of court for cause shown."

[6] Specifically, the defendant claims that the quiet title action rendered the land at issue unmarketable and that the delay in that action has caused damage to the trust in the form of carrying costs and legal fees.

[7] The court denied the defendant's motion to restore on two alternative grounds: (1) John Christopersen did not need the court's permission to withdraw the case because there had yet to be a hearing on an issue of fact as required under § 52-80, and, alternatively, (2) the failure to restore the case to the docket would not result in any clear injustice to the defendant. As to the second basis for its ruling, the court noted that although the defendant claimed that he would be financially harmed by the withdrawal of the action, he was, at the same time, pursuing a motion to dismiss which sought to dispose of the action. The defendant claimed that the trust incurred carrying costs and legal expenses associated with the property in question, but the court held that such claim was neither relevant to the action nor supported by the record, and the defendant did not file a counterclaim which would have provided relief of that nature. Moreover, the court noted that the defendant had not acquired a substantial right in the action or received a favorable ruling that would be impacted by a withdrawal of the action. Thus, the court concluded that the defendant was not prejudiced or harmed by the withdrawal of the quiet title action.

[8] Of course, no explanation was required, because the only relief sought

in the motion to stay was no longer necessary, as the motion to restore the quiet title action to the docket had already been denied.

———————————————————————